**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| CAPITAL ONE, NATIONAL ASSOCIATION, | Case No. 2:17-cv-00604-RFB-VCF |
| Plaintiff, | **ORDER** |
| vs. | MOTION TO STRIKE [ECF NO. 96] |
| SFR INVESTMENTS POOL 1, LLC, *et al.*, | |
| Defendants. | |
| And all related actions. | |

Before the Court is Defendant SFR Investments Pool 1's ("SFR") Renewed Motion to Strike Plaintiff Capital One, National Association's Counterclaim and Crossclaim to United States' First Amended Complaint. (ECF No. 96). For the reasons stated below, SFR's motion is denied.

## BACKGROUND

This case involves competing property interests at issue in the HOA foreclosure sale of real property located at 29 Highland Creek Drive in Henderson, Nevada. (ECF No. 1). This case was consolidated with another case brought by the United States against SFR and Capital One, National Association ("Capital One") relating to 29 Highland Creek Drive. (ECF No. 47). In the other case (2:17-cv-00916-RFB-VCF), prior to consolidation, the United States filed an original complaint (ECF No. 1) and Capital One filed an answer, counterclaim, and crossclaim (ECF No. 14).

On January 18, 2018, the United States filed an amended complaint. (2:17-cv-00604; ECF No. 67). On February 1, 2018, Capital One filed its answer to the amended complaint, which included a counterclaim and crossclaim. (ECF No. 79). The counterclaim and crossclaim have been changed in several ways that will be discussed further below. (*Compare* 2:17-cv-00916, ECF No. 14 at 4-9 with

1

2:17-cv-00604, ECF No. 79 at 5-10). SFR filed a previous motion to strike the answer (2:17-cv-00604, ECF No. 82), which was denied without prejudice pending resolution of a Nevada Supreme Court case (ECF No. 89).

SFR now renews its motion to strike, arguing that Capital One "filed an untimely amended counterclaim and crossclaim without consent of the opposing parties and without leave of Court." (ECF No. 96 at 2). SFR also asserts it will be prejudiced by allowing the amendments to stand because, at the time the motion was filed, the case was in the late stages of discovery. (*Id.* at 5-6). The Court notes that the discovery plan and scheduling order dates and deadlines have since been stayed pending the outcome of a settlement conference scheduled for November 14, 2018. (ECF No. 109). In response to SFR's motion, Capital One argues it was not required to seek leave of the Court or SFR to make minor changes in the counterclaim and crossclaim filed in response to an amended pleading by the United States. (ECF No. 101 at 4-8). In the alternative, Capital One asserts the Court should give leave for the changes because they are "minor and largely stylistic" and will not prejudice SFR. (*Id.* at 8-10).

## ANALYSIS

Federal Rule of Civil Procedure 12(f) states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a Rule 12(f) motion to strike is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co*., 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc*., 510 U.S. 517 (1994)); *see also* 2 James Wm. Moore, *Moore's Federal Practice*, § 12.37[3], 128-29 (3d ed. 2017) ("To prevail on this motion to strike, the movant must clearly show that the challenged matter 'has no bearing on the subject matter of the litigation and that its inclusion will prejudice the defendants.'").

Whether to grant a motion to strike lies within the discretion of the district court. *Whittlestone, Inc.*, 618 F.3d at 973. "[F]ederal courts generally disfavor motions to strike." *D.E. Shaw Laminar Portfolios, LLC*, 570 F.Supp.2d at 1271 (quoting *Germaine Music v. Universal Songs of Polygram*, 275 F.Supp.2d 1288, 1300 (D. Nev. 2003)). "[C]ourts often require a showing of prejudice by the moving party before granting the requested relief." *Roadhouse v. Las Vegas Metro. Police Dep't*, 290 F.R.D. 535, 543 (D. Nev. 2013) (internal quotation omitted).

# I. Whether Capital One Should Have Obtained Leave of the Court Before Amending the Counterclaim and Crossclaim

Clearly, Capital One had the right to file an answer to the United States' amended complaint. Fed. R. Civ. P. 15(a)(3). The potential issue arises from the fact that the answer contains a counterclaim and crossclaim against SFR, and that the counterclaim and crossclaim were changed in Capital One's new answer. (*Compare* 2:17-cv-00916, ECF No. 14 at 4-9 with 2:17-cv-00604, ECF No. 79 at 5-10).

"No appellate court has squarely addressed whether counterclaims filed in response to an amended complaint pursuant to Rule 15 must be permitted as of right." *Sierra Dev. Co. Plaintiff, v. Chartwell Advisory Grp. Defendant. Chartwell Advisory Grp. Counterclaimant*, No. 13-cv-602-BEN-VPC, 2016 WL 6828200, at *2 (D. Nev. Nov. 18, 2016). However, District Courts in the Ninth Circuit generally "allow[] counterclaims without leave of court 'only when…the breadth of the changes in the amended response [] reflect the breadth of the changes in the amended complaint.'" *UDAP Indus., Inc. v. Bushwacker Backpack & Supply Co.*, No. CV 16-27-BU-JCL, 2017 WL 1653260, at *3 (D. Mont. May 2, 2017) (quoting *Bern Unlimited, Inc. v. Burton Corp.*, 25 F.Supp.3d 170 (D. Mass. 2014)); *see also Sierra*, 2016 WL 6828200, at *2.

Capital One argues that it has not truly amended its counterclaim and crossclaim, but has instead made "minor and largely stylistic" changes. (2:17-cv-00604, ECF No. 101 at 8-10). Other courts have

3

"found no authority that holds that a defendant cannot reassert a counterclaim in response to an amended complaint when the defendant already filed a substantially identical counterclaim in response to the Plaintiff's original complaint." *Wagner v. Choice Home Lending*, 266 F.R.D. 354, 359 (D. Ariz. 2009).

This Court finds that Capital One did amend its counterclaim and crossclaim. The counterclaim and crossclaim added or changed multiple factual allegations, such as Capital One's acquisition of Chevy Chase Bank, which entity recorded the notice of delinquent assessment lien on the property, and the fair market value of the property. (ECF No. 79 at 5-10). The Court acknowledges that these changes do not substantially alter Capital One's counterclaim and crossclaim. However, one significant factor distinguishes this case from *Wagner*: Capital One's amendments do not solely impact its counterclaim against the United States, the party that filed the amended complaint. *See Wager*, 266 F.R.D. at 359 ("Plaintiff moved to strike a Counterclaim that was filed directly in response to Plaintiff's Amended Complaint.") Capital One's amendments also impact its crossclaim against SFR. Any change made to a claim against SFR should be treated with higher scrutiny, since it was not prompted by any filing by SFR.

Capital One was required under Federal Rule of Civil Procedure 15(a)(2) to seek leave of the Court or the other parties' written consent before filing an amended counterclaim and crossclaim. Capital One's amendments do not reflect the breadth of the changes in the United States' amended complaint, which only sought to add in additional parties who may have an interest in the outcome of the case. (2:17-cv-00916, ECF No. 23). Therefore, Capital One's amendments were not permitted as a matter of right.

**II.  Whether the Court Should Strike Capital One's Counterclaim and Crossclaim**

However, the Court will not stop its analysis there. In its response to SFR's motion to strike, Capital One asked for leave to amend its counterclaim and crossclaim. (2:17-cv-00604, ECF No. 101 at 8-10). When considering motions to strike, Courts focus on the needs of the case and prejudice to the parties rather than merely technically applying the Federal Rules of Civil Procedure.

Capital One's amendments to its counterclaim and crossclaim are relatively minor, adding details to claims that were already asserted in the original counterclaim and crossclaim. As one example, Capital One adds an assertion that it "acquired Chevy Chase Bank, F.S.B. and its assets." (ECF No. 79 at 6). However, this merely adds some context as to why a deed of trust was assigned to Capital One—because homeowner originally obtained the loan secured by the deed of trust from Chevy Chase Bank, F.S.B. (*Id.*). The amendment does nothing to alter the assertion contained in the original counterclaim and crossclaim that "MERS assigned the Second Deed of Trust to Capital One on or about March 9, 2015." (2:17-cv-00916, ECF No. 14 at 6). In addition, discovery is likely to be extended in this case if a settlement not reached at the conference scheduled for November 14, 2018. The Court has already vacated the discovery deadlines in this case. (2:17-cv-00604, ECF No. 109). Therefore, SFR will not be prejudiced by Capital One's amendments.

Though the correct procedure would have been for Capital One to seek leave of the Court or the other parties' consent before amending its counterclaim and crossclaim, the Court will deny SFR's motion to strike based on the lack of prejudice to SFR. The Court will allow additional time for SFR to respond to Capital One's answer, counterclaim, and crossclaim.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that SFR's Renewed Motion to Strike Plaintiff Capital One, National Association's Counterclaim and Crossclaim to United States' First Amended Complaint (ECF No. 96) is DENIED.

///

///

///

IT IS FURTHER ORDERED that SFR will have until December 5, 2018, 21 days after the settlement conference is scheduled, to respond to Capital One's answer, counterclaim, and crossclaim.

DATED this 17th day of October, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE