UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CAPITAL ONE, NATIONAL ASSOCIATION, a national banking association,<br><br>Plaintiff,<br><br>v.<br><br>SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company; and ANTHEM COUNTRY CLUB COMMUNITY, ASSOCIATION, a Nevada nonprofit corporation,<br><br>Defendants. | Case No. 2:17-cv-00604-RFB-VCF<br>*consolidated with*<br>Case No. 2:17-cv-00916-RFB-VCF<br><br><br>**ORDER** |
| SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company,<br><br>Counter-Claimant/Cross-Claimant,<br><br>v.<br><br>CAPITAL ONE, NATIONAL ASSOCIATION, a national banking Association; LEON BENZER, an individual; UNITED STATES OF AMERICA,<br><br>Cross-Defendants,<br>Counter-Defendants. | |
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LEON BENZER; SFR INVESTMENTS POOL 1, LLC; CAPITAL ONE, N.A., ANTHEM COUNTRY CLUB | |

| | |
|---|---|
| COMMUNITY ASSOCIATION; STAR INSURANCE COMPANY; AMERICAN EXPRESS BANK FSB; and REPUBLIC SILVER STATE DISPOSAL INC., | |
| Defendants. | |
| CAPITAL ONE, NATIONAL ASSOCIATION, a national banking association, | |
| Counter-Claimant/Cross-Claimant, | |
| v. | |
| UNITED STATES OF AMERICA; LEON BENZER, an individual; SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company; and ANTHEM COUNTRY CLUB ASSOCIATION, a Nevada corporation, | |
| Cross-Defendants, Counter-Defendants. | |

## I. INTRODUCTION

Before the Court is Anthem Country Club Community Association's ("Anthem's") Renewed Motion to Dismiss, ECF No. 92, and SFR Investments Pool 1, LLC's ("SFR's") Motion to Dismiss, ECF No. 98. For the reasons stated below, the Court grants in part and denies in part Anthem's Renewed Motion to Dismiss and denies SFR's Motion to Dismiss.

## II. FACTUAL BACKGROUND

The Court summarizes the facts alleged in Capital One's Complaint. ECF No. 1.

On or about March 27, 2002, Leon and Harold Benzer acquired title as joint tenant to real property located at 29 Highland Creek Drive, Henderson, Nevada 89052, Parcel Number 190-07-711-001 (the "Property").

In April 2005, Courthouse Café, LLC obtained a commercial loan from Bank of Las Vegas for $990,000 (the "2005 Loan"). The principal amount of the 2005 Loan was later increased to $1,200,000. To secure Courthouse Café, LLC's obligations under the 2005 Loan, Leon and Harold

2

Benzer executed a deed of trust encumbering the Property and naming Bank of Las Vegas as beneficiary (the "First Deed of Trust"). Pursuant to the terms of the First Deed of Trust, Leon and Harold Benzer also assigned all rents from the Property to Bank of Las Vegas to secure Courthouse Café, LLC's obligations under the 2005 Loan. On or about August 17, 2012, Bank of Las Vegas assigned all its interest in the 2005 Loan, including the First Deed of Trust, to Plaintiff Capital One. Courthouse Café, LLC defaulted in its obligations under the 2005 Loan by, among other things, failing to make monthly payments of principal and interest,

In September 2007, Leon Benzer obtained a loan from Chevy Chase Bank, F.S.B. in the principal amount of $1,610,000 (the "2007 Loan"). The 2007 Loan is secured by a second-position deed of trust (the "Second Deed of Trust") which encumbers the Property and names Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee-beneficiary. MERS assigned the Second Deed of Trust to Plaintiff Capital One on or about March 9, 2015. Leon Benzer defaulted in his obligations under the 2007 Loan by, among other things, failing to make monthly payments of principal and interest.

On October 12, 2010, Anthem caused a Notice of Delinquent Assessment Lien (the "HOA Lien") to be recorded against the Property due to Leon and Harold Benzer's alleged failure to pay assessments to Anthem. Nevada Association Services, Inc. ("NAS"), Anthem's collections and foreclosure agent with respect to the HOA Lien, recorded a Notice of Default and Election to Sell under Homeowners Association Lien against the Property on October 19, 2011.

On December 27, 2011, Capital One contacted NAS to request the amount of the HOA Lien so that Capital One could satisfy the lien. On September 10, 2012 and twice on September 12, 2012, Capital One again contacted NAS to request the amount of the HOA Lien. On all occasions, NAS refused to provide the information.

NAS recorded a Notice of Foreclosure Sale against the Property on August 20, 2012 which scheduled a foreclosure sale for September 14, 2012.

The amount of assessments for common expenses which would have accrued against the Property in the absence of acceleration during the 9-month period ending October 19, 2011 was less than $13,385.65. Since NAS would not provide the amount of the HOA Lien, Capital One

1  tendered a check to NAS for $13,385.65 on September 12, 2012. The check for $13,385.65
2  represented the full amount of the HOA Lien as shown in the Notice of Foreclosure Sale recorded
3  August 20, 2012.
4      After Capital One tendered its payment, NAS cashed the check and postponed the
5  foreclosure sale originally scheduled for September 14, 2012. However, NAS later resumed its
6  foreclosure proceedings against the Property without notifying Capital One. On or about March
7  1, 2013, NAS purportedly foreclosed against the Property.
8      The highest bidder at the purported sale (the "HOA Sale") was SFR, with a bid of $20,000.
9  Upon information and belief, the Property's fair market value exceeded $1 million at the time of
10 the HOA Sale.

### III. PROCEDURAL BACKGROUND

Plaintiff Capital One, National Association ("Capital One") filed its Complaint against Defendants SFR on February 24, 2017 seeking quiet title and assignment of rents related to the Property. On June 26, 2017, SFR filed an Answer, alleging a cross-claim against the United States and Leon Benzer and a counter-claim against Capital One. ECF No. 18.

On June 26, 2017, SFR also filed a Motion to Consolidate Cases regarding <u>United States of America v. Benzer</u>, 2:17-cv-00916-KJD-CWH, in which the United States sought to foreclose a federal tax lien against the same Property. ECF No. 19.

On July 20, 2017, Anthem Country Club Community Association filed a Motion to Dismiss Capital One's Complaint. ECF No. 28. On July 31, 2017, Capital One filed an Answer to SFR's counter-claim. ECF No. 30. On August 3, 2017, SFR filed a Motion to Dismiss Capital One's Complaint. On September 18, 2017, the United States filed an Answer to SFR's cross-claim. ECF No. 44.

On November 7, 2017, the Court consolidated 2:17-cv-00916-KJD-CWH with the instant case. ECF No. 47.

On November 14, 2017, the United States filed an Answer to Capital One's counter-claim originally filed in case number 2:17-cv-00916-KJD-CWH. ECF No. 48.

| | |
|---|---|
| 1 | On December 7, 2017, the Court entered a Clerk's Entry of Default against Leon Benzer. |
| 2 | ECF No. 56. |
| 3 | On January 16, 2018, the Court granted the United State's pending Motion for Leave to |
| 4 | Amend the Complaint originally filed in case number 2:17-cv-00916-KJD-CWH. ECF No. 65. |
| 5 | On January 18, 2018, the United States filed an Amended Complaint against Leon Benzer, SFR, |
| 6 | Capital One, Anthem, Star Insurance Company, American Express Bank FSB, and Republic Silver |
| 7 | State Disposal, Inc. ECF No. 67. |
| 8 | On January 26, 2018, SFR filed an Answer to the United States' Amended Complaint. |
| 9 | ECF No. 77. On February 1, 2018, Capital One filed an Answer to the United States' Amended |
| 10 | Complaint, including a counterclaim against the United States and a crossclaim against Leon |
| 11 | Benzer and Anthem. ECF No. 79. On February 1, 2018, Anthem filed an Answer to the United |
| 12 | States' Amended Complaint. ECF No. 80. |
| 13 | On March 21, 2018, the United States, SFR, Capital One, and Anthem filed a Joint Motion |
| 14 | to Stay in light of potential settlement. ECF No. 87. The Court imposed a stay on March 21, 2018 |
| 15 | and denied all pending motions without prejudice. ECF Nos. 88, 89. |
| 16 | On August 23, 2018, Anthem filed the instant Renewed Motion to Dismiss Capital One's |
| 17 | Complaint (ECF No. 1) and cross-claims (ECF No. 79). ECF No. 92. On September 6, 2018, |
| 18 | Capital One and the United States each filed a response in opposition. ECF Nos. 93, 94. |
| 19 | On September 13, 2018, SFR filed a response to Anthem's Motion to Dismiss or, in the |
| 20 | alternative, the instant Motion to Dismiss Capital One's Complaint. ECF Nos. 97, 98. On |
| 21 | September 27, 2018, Capital One filed a response and on October 4, 2018, SFR filed a reply. ECF |
| 22 | No. 100, 108. |
| 23 | On September 27, 2018, Capital One filed a Motion for Default Judgment against Leon |
| 24 | Benzer. ECF No. 99. On January 15, 2019, the Court granted the Motion for Default Judgment |
| 25 | with respect to Capital One's cross-claim from case number 2:17-cv-00916-KJD-CWH. The |
| 26 | Default Judgment did not affect the rights of any other parties. |
| 27 | / / / |
| 28 | / / / |

The parties participated in a settlement conference on March 8, 2019 but have not yet reached a settlement agreement. ECF No. 136. A continued settlement conference is scheduled for April 19, 2019. ECF No. 136.

### IV. LEGAL STANDARD

In order to state a claim upon which relief can be granted, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In ruling on a motion to dismiss for failure to state a claim, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Security Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).

### V. DISCUSSION

Anthem seeks to dismiss Capital One's complaint and Capital One's cross-claim. Capital One, the United States, and SFR each filed a response. SFR's response also constitutes its motion to dismiss.[1]

#### i. Facial Constitutionality of NRS Chapter 116

Anthem argues that the Nevada Supreme Court has expressly rejected Capital One's argument that NRS Chapter 116 is facially unconstitutional. The Court agrees that the facial constitutionality basis for Capital One's claims is foreclosed by Nevada Supreme Court case law.

---

[1] Anthem asks the Court to dismiss SFR's Motion to Dismiss as untimely. On March 23, 2018, the Court ordered that Anthem and SFR could file modified motions or renew previously-filed motions within 21 days of the resolution of the question certified to the Nevada Supreme Court in Bank of N.Y. Mellon v. Star Hill Homeowners Association, Case No. 2:16-cv-02561-RFB-PAL. ECF No. 89. The deadline was therefore August 23, 2018, and SFR's instant Motion to Dismiss was filed on September 13, 2018 in conjunction with its response to Anthem's motion. However, because SFR's request for relief is directly based on its response to Anthem's argument that Anthem should be dismissed, the Court finds that SFR's motion is timely, or that in the alternative, it was excusable neglect for SFR to wait for Anthem to renew its motion seeking dismissal before renewing its argument seeking the same.

In Bourne Valley Court Trust v. Wells Fargo Bank, NA, the Ninth Circuit held that the opt-in notice scheme outlined in NRS Chapter 116 did not meet the minimum requirements of constitutional due process and that NRS 116.31168 did not incorporate the notice requirements of NRS 107.090. 832 F.3d 1154, 1158–59 (9th Cir. 2016), cert. denied, 137 S. Ct. 2296 (2017). This holding was based upon the Ninth Circuit's interpretation of Nevada's statutory scheme under NRS Chapter 116 as an "opt-in" notice statutory scheme. Importantly, the Nevada Supreme Court had not yet had a direct opportunity to construe the applicable statutes. The Nevada Supreme Court thereafter held that NRS 116.31168 incorporated the notice requirements of NRS 107.090. SFR Investments Pool 1, LLC v. Bank of New York Mellon, 422 P.3d 1248, 1252 (Nev. 2018). Thus, the Nevada Supreme Court found notice to be mandatory to interest holders like Capital One. Id. As the Nevada Supreme Court had not previously had an opportunity to explicitly construe the respective state statutes in terms of their notice requirements and as the Nevada Supreme Court is the final arbiter of the construction of Nevada statutes, this Court must follow the Nevada Supreme Court's interpretation of Nevada statutes in this case. California Teachers Ass'n v. State Bd. of Educ., 271 F.3d 1141, 1146 (9th Cir. 2001) (explaining that "it is solely within the province of the state courts to authoritatively construe state legislation"); Owen By & Through Owen v. United States, 713 F.2d 1461, 1464 (9th Cir. 1983) (noting that Ninth Circuit's interpretation of state law is only binding to the extent there is no subsequent indication from the state court that the interpretation was incorrect). This Court has previously found consistent with the Nevada Supreme Court's interpretation of Nevada law that NRS 107.090 as incorporated by the Nevada HOA lien statute satisfies due process requirements. JPMorgan Chase Bank, N.A. v. SFR Investments Pool 1, LLC, 200 F. Supp. 3d 1141, 1160–61 (D. Nev. 2016). The Court incorporates that prior reasoning by reference. Based upon the holding of the Nevada Supreme Court in SFR Investments Pool 1 and this Court's prior analysis, the Court finds that Nevada's statutory scheme in NRS Chapter 116 does not violate due process.

Therefore, to the extent Capital One's complaint is based on the facial unconstitutionality of NRS Chapter 116, Capital One's claims are not plausible on their face and are dismissed. However, Capital One's complaint proceeds on all other bases upon which it seeks relief.

### ii. Propriety of Anthem as Party

Anthem argues that the Complaint fails to assert a cause of action against it. The Complaint contains two causes of action: (1) quiet title against SFR and (2) assignment of rents against SFR. Neither names Anthem as a Defendant. Therefore, Anthem requests that it be dismissed from the action.

Capital One argues that Anthem is an indispensable party pursuant to Rule 19 of the Federal Rules of Civil Procedure, and that it need not bring a claim for relief directly against Anthem for Anthem to be properly named and included in the instant suit. SFR agrees that Anthem is an indispensable party, but it argues that the Court must either instruct Capital One to amend its complaint to properly assert its claims against Anthem or globally dismiss the case against all parties. The United States takes no position beyond identifying that, as a practical matter, Anthem remains in the suit regardless due to the United States' pending claim against it.

The Court agrees that Anthem is an indispensable party and declines to dismiss Anthem from the suit. Pursuant to Rule 19, a party shall be joined where: "(A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(A). Capital One seeks to nullify the foreclosure sale, which could implicate the reinstatement of Anthem's lien interest as an encumbrance against the Property. Moreover, Anthem was the party responsible for the foreclosure process, the constitutionality of which Capital One seeks to litigate.

The Court finds that Anthem is already properly joined to this suit and that amendment of the Complaint is not necessary. The Ninth Circuit has specifically held that Rule 19 joinder is feasible against a necessary party even where no cause of action can be stated, and no affirmative relief sought, against the party. E.E.O.C. v. Peabody W. Coal Co., 400 F.3d 774, 778 (9th Cir. 2005). While the Court does not necessarily find that no cause of action is possible against Anthem, the Court does find that no amendment of the Complaint is required for Capital One to proceed with its lawsuit as pled.

Based on the findings above, the Court also finds no basis for the Court to dismiss SFR at this time.

## VI.     CONCLUSION

**IT IS THEREFORE ORDERED** that Anthem Country Club Community Association's Renewed Motion to Dismiss (ECF No. 92) is GRANTED in part and DENIED in part.

**IT IS FURTHER ORDERED** that SFR Investments Pool 1, LLC's Motion to Dismiss, (ECF No. 98) is DENIED.

**IT IS FURTHER ORDERED** that the stay remains in place and that the continued settlement conference remains scheduled for April 9, 2019. The stay will, without further court order, automatically expire 45 days after the settlement conference. The parties are directed to file a joint discovery proposal 45 days after the settlement conference unless the case has settled.

DATED: March 31, 2019.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRCIT JUDGE