# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CAPITAL ONE, NATIONAL ASSOCIATION, a national banking association,<br><br>Plaintiff,<br><br>v.<br><br>SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company; and ANTHEM COUNTRY CLUB COMMUNITY, ASSOCIATION, a Nevada nonprofit corporation,<br><br>Defendants. | Case No. 2:17-cv-00604-RFB-NJK<br><br>**ORDER** |
| SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company,<br><br>Counter-Claimant/Cross-Claimant,<br><br>v.<br><br>CAPITAL ONE, NATIONAL ASSOCIATION, a national banking Association; LEON BENZER, an individual; UNITED STATES OF AMERICA,<br><br>Cross-Defendants,<br>Counter-Defendants. | |

## I. INTRODUCTION

Before the Court are Defendant SFR Investments Pool 1, LLC ("SFR") Objection/Appeal of the Honorable Daniel J. Albregts's Order and Counter-Defendant United States of America's Motion for a Preliminary Injunction. ECF Nos. 174, 190.

## II. PROCEDURAL BACKGROUND

Plaintiff Capital One, National Association ("Capital One") filed its Complaint against Defendants on February 24, 2017, seeking quiet title and assignment of rents related to a Las Vegas Property. On June 26, 2017, SFR filed an Answer, alleging a cross-claim against the United States and Defendant Leon Benzer and a counter-claim against Capital One. ECF No. 18.

On September 27, 2018, Capital One filed a Motion for Default Judgment against Leon Benzer. ECF No. 99. On January 15, 2019, the Court granted the Motion for Default Judgment with respect to Capital One's cross-claim from case number 2:17-cv-00916-KJD-CWH. The Default Judgment did not affect the rights of any other parties.

On January 15, 2019, the Court granted the parties' joint motion to stay proceedings until after the parties had an opportunity to complete settlement negotiations and attend a settlement conference with the magistrate judge. ECF No. 127. On August 27, 2019, a hearing was held before the Honorable Daniel J. Albregts regarding several discovery-related motions. ECF No. 169. During the hearing, Judge Albregts ruled on several motions on the record, including a motion awarding attorneys' fees to Capital One for SFR's discovery violation pursuant to Federal Rule of Civil Procedure 37(a)(5)(A). Id. On September 9, 2019, SFR filed an objection to Judge Albregts's order. ECF No. 174. On September 9, 2019, the United States filed a motion for a temporary restraining order and preliminary injunction. ECF No. 175, 176. On September 17, 2019, Capital One filed the instant preliminary injunction motion. ECF No. 190. On October 21, 2019, a hearing was held on the pending motions. The Court granted the United States' Motion for a Temporary Restraining Order and Preliminary Injunction enjoining Capital One from proceeding with a foreclosure sale on the Property. The Court then took the remaining motions under

submission for the parties to submit additional briefing. ECF No. 214. This written order now follows.

### III. FACTUAL FINDINGS

The Court makes the following findings of fact (for purposes of the instant motions only).

Leon and nonparty Harold Benzer acquired title to real Property located at 29 Highland Creek Drive, Henderson, Nevada 89052 (the "Property") in March 2002 as joint tenants. Harold Benzer is the father of Leon Benzer and is now deceased. The Property sits in a neighborhood governed by the Anthem Country Club Association.

In April 2005, nonparty Courthouse Café LLC obtained a commercial loan from nonparty Bank of Las Vegas for $990,000, and the loan was later increased to $1.2 million ("2005 Loan"). To secure Courthouse Café's obligations, Leon and Harold Benzer executed a deed of trust encumbering the Property. All rents from the Property were assigned to the Bank of Las Vegas. On or about August 17, 2012, Bank of Las Vegas assigned all its interest in the 2005 Loan including the first deed of trust to Capital One. Courthouse Café LLC defaulted on its obligations on the 2005 loan.

In September 2007, Leon Benzer obtained a loan from Chevy Chase Bank, FSB for $1.6 million ("2007 Loan"). The 2007 loan was secured by a second position deed of trust encumbering the Property that names Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee-beneficiary. MERS assigned the second deed of trust to Capital One on or about March 9, 2015. Leon Benzer also defaulted on the 2007 Loan.

In August 2007, the IRS recorded notices of federal tax liens against Leon Benzer for unpaid federal income tax liability for the 2001, 2002, 2003, 2004, and 2005 tax years.

Benzer failed to pay HOA dues and a notice of foreclosure sale was eventually recorded. On March 1, 2013, a nonjudicial foreclosure sale occurred in which SFR purchased the Property for $20,000. In July 2013, the HOA's agent Nevada Association Services ("NAS") filed an interpleader action to dispose of $17,840.25 in surplus funds. The United States was awarded the surplus funds. The Property is worth approximately $1.8 million. Capital One subsequently assigned its interest in the 2005 loan to Rocktop Partners on February 2019. Leon Benzer is currently incarcerated.

In its motion for a preliminary injunction, the United States seeks an injunction requiring SFR, the current alleged title owner of the Property, to deposit all future rents collected on the Property with the Clerk of the Court. The United States argues that it is entitled to such an injunction by 26 U.S.C. § 7402(a), which authorizes the district courts to issue injunctions "as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a).

## IV. LEGAL STANDARD

### a. Preliminary Injunction

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, a plaintiff must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014) (citing Winter, 555 U.S. 7, 20 (2008)). A preliminary injunction may also issue under the "serious questions" test. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011) (affirming the continued viability of this

doctrine post-Winter). According to this test, a plaintiff can obtain a preliminary injunction by demonstrating "that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," in addition to the other Winter elements. Id. at 1134-35 (citation omitted).

### b. Objections to Magistrate Judge's Orders and Award of Fees Under Rule 37(a)(5)(A)

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, this Court "must consider timely objections" to any non-dispositive order issued by a magistrate judge "and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Rule 37(a)(5)(A) states that the Court must grant movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(A). But the Court must not award the fees if "the opposing party's nondisclosure, response, or objection was substantially justified." Id.

## V. DISCUSSION

First, the Court denies SFR's appeal of Judge Albregts's order. The Court does not find that Judge Albregts was clearly erroneous or acted in a way contrary to law in awarding attorney's fees to Capital One. While SFR may believe that its reasons for failing to comply with Capital One's discovery requests were substantially justified, Judge Albregts did not agree. SFR has failed to establish that it was clearly erroneous or an error of law for Judge Albregts to so find.

Next the Court considers the United States of America's Motion for a Preliminary Injunction. The Court finds that the United States raises serious questions and that the balance of equities tips in its favor under Winter and Cottrell. Winter, 555 U.S. at 22 (2008); Cottrell, 632 F.3d at 1134. The Court presumes that there is irreparable harm, because this is a case involving statutory enforcement where the governing statute authorizes injunctive relief. Fed. Trade Comm'n

v. Consumer Defense LLC, 926 F.3d 1208, 1214 (9th Cir. 2019) ("[I]n a case involving statutory enforcement, where the applicable statute authorizes injunctive relief, the traditional irreparable injury showing is not required."). The Court thus need only address whether there are serious questions going to the merits, whether the injunction is in the public interest, and whether the balance of hardship tips in the United States' favor.

The Court finds that all of these prerequisites are met. There are serious questions as to the validity of SFR's claim on the Property, given factual disputes as to whether or not Capital One or its successors-in-interest possess deeds of trust that survived the foreclosure sale. The Court also finds that there is a clear public interest in enforcement of the federal tax laws, and in preserving any revenue from such enforcement. Finally, the Court finds that the balance of hardships tip in the United States' favor, as the United States has sufficiently demonstrated that there is a lack of certainty as to whether or not it may ever be able to recover the full amount of tax liability that Mr. Benzer owes.

SFR argues that the United States implicitly ratified the foreclosure sale by accepting surplus proceeds. The Court rejects this argument. SFR cites no law, nor can it, establishing that acceptance of surplus funds in an interpleader action precludes the United States from continuing to collect on a still-owed tax debt. The Court also rejects SFR's argument that the United States' request for rents to be placed with the Court is a time-barred challenge to the validity of the HOA sale. Congress has granted the IRS up to ten years plus tolling to collect on tax assessments. 26 U.S.C. § 6502(a)(1). The United States has made tax assessments ranging in time from 2006 through 2013, and thus the Court does not find that the United States' request for an injunction is time-barred.

Finally, the Court addresses the question of what amount should be deposited with the Clerk of the Court. The Court asked the parties for additional briefing on this issue. SFR submitted

briefing indicating that the current monthly rental amount for the Property is $3,450. SFR also provided an itemization explaining that it had fixed expenses of monthly pool service of $100, quarterly assessments of $935.25, management fee of $345, quarterly trash service at $47.80, and quarterly Property taxes of $3,161.36. In its opposition to the United States' preliminary injunction and at the hearing on the motion, SFR argued that were the Court to grant the injunction, it should only be required to deposit the rent minus expenses—the net rent.

Capital One argues in opposition that the Uniform Assignment of Rent Act, codified by the Nevada state legislature, only allows SFR to deduct expenses from the rent if those expenses are authorized by the assignee, in this case Capital One. Pl.'s Br. 2–3; citing Nev. Rev. Stat. § 107A.330. While the United States does not explicitly join Capital One's argument regarding the applicability of the Uniform Assignment of Rent Act, the United States does argue that it would be inequitable for SFR to only deposit rents minus expenses.

First, the United States' motion only seeks for future rents to be deposited with the Court, allowing SFR to keep any past rents. Second, any funds deposited to the Court would be returned to SFR if judgment is awarded in its favor. SFR has already collected $269,000 in rents, which is several times the $20,000 it paid for the Property at issue in this case.

The Court agrees that SFR has not demonstrated a legal basis for allowing it to deposit its rents minus expenses. The Court will thus order SFR to deposit full monthly rent for the Property at 29 Highland Creek with the Clerk of the Court until this litigation is resolved.

**CONCLUSION**

**IT IS THEREFORE ORDERED** that Defendant United States of America's Motion for Preliminary Injunction (ECF No. 190) is GRANTED. Defendant SFR Investments Pool 1, LLC is ordered to deposit all future rental proceeds with the Clerk of the Court until this litigation has been resolved either through court order or settlement.

**IT IS FURTHER ORDERED** that SFR Investments Pool 1, LLC's Objection to Magistrate Judge's Order (ECF No. 174) is DENIED.

DATED: March 3, 2020.

_____
**RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE**