| | |
|---|---|
| RICHARD E. ZUCKERMAN<br>Principal Deputy Assistant Attorney General<br><br>E. CARMEN RAMIREZ<br>Trial Attorney, Tax Division<br>U.S. Department of Justice<br>P.O. Box 683<br>Washington, D.C. 20044<br>T: (202) 616-2885<br>F: (202) 307-0054<br>E.Carmen.Ramirez@usdoj.gov<br>Western.Taxcivil@usedoj.gov<br><br>*Of Counsel*<br>NICHOLAS A. TRUTANICH<br>United States Attorney<br><br>*Attorneys for the United States of America* | KIM GILBERT EBRON<br>DIANA S. EBRON<br>Nevada Bar No. 10580<br>JACQUELINE GILBERT<br>Nevada Bar No. 10593<br>KAREN L. HANKS<br>Nevada Bar No. 9578<br>7625 Dean Martin Drive, Ste. 110<br>Las Vegas, Nevada 89139<br><br>*Attorneys for SFR Investments Pool 1, LLC*<br><br>LIPSON NEILSON, COLE, SELTZER & GARIN, P.C.<br>J. WILLIAM EBERT<br>Nevada Bar No. 2697<br>JANEEN V. ISAACSON<br>Nevada Bar No. 6429<br>9900 Covington Cross Dr., Ste. 120<br>Las Vegas, Nevada 89144<br><br>*Attorneys for Anthem Country Club Community Association* |

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEVADA

| | |
|---|---|
| CAPITAL ONE, NATIONAL ASSOCIATION, a national banking association,<br><br>    Plaintiff,<br><br>v.<br><br>SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company; and ANTHEM COUNTRY CLUB COMMUNITY, ASSOCIATION, a Nevada nonprofit corporation,<br><br>    Defendants.<br>_____<br>SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company,<br><br>    Counterclaimant/Crossclaimant, | Case No. 2:17-cv-00604-RFB-NJK<br>*consolidated with*<br>Case No. 2:17-cv-00916-KJD-NJK<br><br>**JOINT MOTION TO EXTEND DISPOSITIVE MOTION DEADLINE AND [PROPOSED] ORDER**<br><br>**(SECOND JOINT REQUEST)** |

```
 1              v.                                    )
                                                      )
 2   CAPITAL ONE, NATIONAL                            )
     ASSOCIATION, a national banking                  )
 3   Association; LEON BENZER, an individual;         )
     UNITED STATES OF AMERICA                         )
 4                                                    )
                    Cross-Defendants,                 )
 5   Counter-Defendants.                              )
                                                      )
 6                                                    )
     _____           )
 7                                                    )
     UNITED STATES OF AMERICA,                        )
 8                                                    )
               Plaintiff,                             )
 9                                                    )
                 v.                                   )
10                                                    )
     LEON BENZER;                                     )
11   SFR INVESTMENTS POOL 1, LLC;                     )
     CAPITAL ONE, N.A.; ROCKTOP                       )
12   PARTNERS, LLC; WILMINGTON SAVINGS                )
     FUND SOCIETY, FSB, AS TRUSTEE OF                 )
13   STANWICH MORTGAGE LOAN TRUST A;                  )
     ANTHEM COUNTRY CLUB                              )
14   COMMUNITY ASSOCIATION; and                       )
     REPUBLIC SILVER STATE DISPOSAL INC.,             )
15                                                    )
               Defendants.                            )
16   _____           )
                                                      )
17   CAPITAL ONE, NATIONAL ASSOCIATION                )
     a national banking association,                  )
18                                                    )
           Counter-Claimant/Cross-Claimant,           )
19                                                    )
                 v.                                   )
20                                                    )
     UNITED STATES OF AMERICA;                        )
21   LEON BENZER, an individual;                      )
     SFR INVESTMENTS POOL 1, LLC,                     )
22   a Nevada limited liability company; and          )
     ANTHEM COUNTRY CLUB                              )
23   ASSOCIATION, a Nevada corporation,               )
                                                      )
24      Counter-Defendant/Cross-Defendants.           )
     _____           )
25
```

The United States of America; SFR Investments Pool 1, LLC ("SFR"); and Anthem Country Club Community Association ("Anthem") jointly request that the Court extend the November 9, 2020, dispositive motion deadline, in light of a hearing the Court has set for November 19, 2020, on a disputed discovery motion. The parties ask that the deadline be extended for three weeks past the November 19, 2020 hearing, to December 3, 2020, or the ruling on the motion if it comes later. That is, the parties seek thirty-one days from the existing deadline based on the hearing date, or such later date as the Court determines based on the outcome of the hearing. This way the parties will have the benefit of a ruling on the disputed discovery issues when preparing dispositive motions.

The Court set the November 19, 2020, hearing to address documents that Rocktop Partners, LLC ("Rocktop") and Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust A ("Wilmington") produced after the close of discovery. (ECF No. 303 (motion)). All parties who have appeared in the litigation, and who are actively litigating, join this request except for Rocktop and Wilmington. Capital One is in agreement with, and has no objection to, continuing the dispositive motion deadline until after the hearing. The moving parties respectfully submit that good cause exists for the extension, because having to submit dispositive motions before a material discovery issue is resolved may result in disorderly litigation, and cause the parties to have to submit supplemental dispositive briefing depending on the outcome of the discovery motion.

**MEMORANDUM IN SUPPORT**

**I.    BACKGROUND**

The two cases on this consolidated proceeding concern competing claims to the same piece of real property, a home worth perhaps $2 million. The United States asserts federal tax liens on the property for defendant Leon Benzer's overdue taxes. Anthem, Mr. Benzer's HOA, asserts that he was behind on HOA dues, and Capital One asserts that Mr. Benzer (or persons or

1

entities associated with him) was behind on two loans secured against the property. In 2013, Anthem conducted a foreclosure to satisfy the HOA dues. SFR purchased the property at the sale.[1]

The United States brought one of the two suits to collect Mr. Benzer's tax debts. Capital One brought the other to quiet title on the property in light of the two loans. Capital One alleges that the HOA sale was invalid, and/or that the mortgage liens remain on the property. The existence, amount, and priority of the two loans are thus at issue in the dispute.

Capital One transferred the loans to Rocktop and Wilmington during the litigation. On July 16, 2020, and after discovery was to have closed but for one deposition, Rocktop and Wilmington produced new documents relating to the loans. (ECF No. 295-6 (excerpts from new disclosures, attaching new documents at CAPONE 01241-45)). The new documents were recently created notices purporting to rescind earlier loan documents. The United States has moved to exclude the documents for certain purposes, or, in the alternative, to allow discovery regarding the new documents and their implications for other documents that were timely disclosed. (*See* ECF No. 303). Anthem and SFR have joined. (ECF Nos. 306 and 307). The Court has set a hearing for November 19, 2020. (*See* ECF No. 305). That is the motion and hearing that give rise to this request to extend the deadline for dispositive motions, because the hearing date is after the dispositive motions deadline.

As also detailed in the discovery motion, the discovery deadlines in this case have been extended several times, generally by agreement among the parties. (*See* ECF No. 292 at ECF pg. 4 *et seq*.). The parties have usually worked to accommodate each other's schedules and to ensure that the litigation proceeded in an orderly way. Thus, when Rocktop and Wilmington

---

[1] None of the other parties named in the litigation have appeared. Thus, the "litigating parties" have been Anthem, Capital One, SFR, the United States, and, when they were added, the new mortgage claimants. (*See* ECF No. 214 (order directing Capital One to add the new parties)).

2

1  produced the new documents, the parties discussed whether to seek an extension to the

2  dispositive motions deadline to accommodate potential discovery motions concerning the

3  documents.

4  The parties also met and conferred regarding the new documents. The attorney handling

5  day-to-day aspects of the case for Rocktop and Wilmington was (reasonably) unavailable for part

6  of that period due to his wedding and honeymoon. When it became clear the scheduling issue

7  and the underlying dispute over the documents themselves could not be promptly resolved, the

8  United States raised the timing issue in an August 19, 2020, status report, and at an August 21,

9  2020, hearing on a separate discovery motion that Rocktop and Wilmington had previously filed.

10 ((ECF No. 289 at 4) (status report); ECF No. 291 (hearing)). (In fact, the other parties had

11 agreed to an earlier dispositive motions extension in part to accommodate Rocktop and

12 Wilmington's discovery motion, *i.e.,* the motion heard on August 21, 2020. (ECF No. 292 at 5-7

13 (discussing history)).

14 In response to the status report and the discussion at the hearing, the Court directed the

15 parties to propose a stipulation to address the scheduling problems, *i.e*., "by 8/28/2020 regarding

16 the schedule in this case." (*See* ECF No. 291). The United States, Anthem, and SFR were all

17 amenable to a stipulation to adjust the dispositive motions deadline to address the new

18 documents. Capital One did not take a position. However, Rocktop and Wilmington declined to

19 agree to a stipulation to extend the schedule to allow any motions on the new documents to be

20 heard before the dispositive motions deadline.

21 As a result, the parties could not file a stipulation by August 28, 2020, as the Court had

22 directed. Instead, the United States, Anthem, and SFR, filed a joint motion to extend the

23 schedule. (ECF No. 292). Capital One did not join, but did not oppose. There was limited

24 precedent for this in the case's long history, as the parties had generally accommodated each

25 other. But it seemed unlikely that a discovery motion could be briefed, heard, and decided

before the dispositive motions deadline. The moving parties deemed it best to ask for permission, and to clarify the schedule, rather than to file discovery motions that would disrupt the schedule and then ask for forgiveness and an extension. The moving parties did not wish to presume the Court would hear and decide a significant discovery motion before the dispositive motions deadline ran. It seemed more appropriate to file the request and seek the Court's guidance.

Moreover, at the time, the deposition of Capital One's Rule 30(b)(6) witness had still not taken place. It had been extended for several reasons, most recently because the intended witness had left the company. When Anthem, SFR, and the United States filed their scheduling motion, it was still possible that the deposition of the Capital One witness would shed light on the new documents and their implications for the existing record, by providing more history. And it seemed possible the deposition could obviate the need for a discovery motion against Rocktop and Wilmington, or at least clarify the issues. (The deposition has since taken place, on September 27, 2020, but the witness had little to no knowledge relevant to the new documents.)

Rocktop and Wilmington opposed the motion to extend (ECF No. 295). (Confusingly, the docket entry states that ***Capital One*** opposed the motion. However, it was ***Rocktop and Wilmington, not Capital One***. (*See* ECF 295 at ECF pgs. 2 and 9)). There has long been confusion over whether and when the same law firm was representing Capital One, but by the time of the filing, Rocktop and Wilmington's counsel had averred they had no contact with Capital One and were no longer representing Capital One. They appear to have docketed the entry in error.)

The Court denied the scheduling motion from the bench at an October 1, 2020, hearing. There may have been confusion as to who opposed the motion due to the docketing error, *i.e.*, it was Rocktop and Wilmington, not Capital One. There also appeared to be confusion as to the documents the moving parties wished to challenge. To be clear, the documents at issue were

4

those in the July 16, 2020, production that the United States discussed in the August 19, 2020, status report and in the August 21, 2020, hearing.  However, the moving parties understand that the Court's reasoning was, in part, that there was not good cause to extend the schedule at the time because the discovery motion had not yet been filed.

The United States filed its discovery motion, *i.e.*, the motion to exclude and/or allow discovery regarding the new documents, within one week of the October 1, 2020, hearing, as the Court directed.  (ECF No. 303).  Anthem and SFR have joined.  (ECF Nos. 306 and 309.)

## II.     ARGUMENT

Federal Rule of Civil Procedure 16 is implicated where amendment would require modification of a scheduling order.  That Rule provides that modifications should be made only for good cause and with the Court's consent.  Fed. R. Civ. P. 16(b)(4); *see also, e.g., Miller v. United States*, 2018 U.S. Dist. LEXIS 42645, at *2 (D. Nev. Mar. 15, 2018).  Local Rule 26-3 (previously LR 26-4) sets additional requirements, and provides that motions should be submitted within 21 days of the date they seek to change, or show good cause.  This motion is filed October 19, 2020, 21 days before the November 9, 2020, dispositive motions deadline. The Local Rule also provides that a request to extend a deadline after it has passed will not be granted unless the movant demonstrates good cause and shows that any failure to act was the result of excusable neglect.  The moving parties respectfully submit that this aspect of the Local Rule is not applicable here, as they are filing before the deadline at issue.  Anthem, SFR, and the United States submitted their first motion to extend before the dispositive motions deadline, and by August 28, 2020, the date the Court had given the parties to file a scheduling stipulation.  (ECF No. 291).  The dispositive motions deadline has now been reset for November 9, 2019, so this motion is also before the deadline had passed.

The test, therefore, is whether there is good cause to grant the limited extension the moving parties are requesting.  Good cause applies.  Rocktop and Wilmington have produced

5

documents that appear to fundamentally alter claims, defenses, and arguments previously raised in the litigation. The new documents appear to call into question previously produced documents that set the expiration date for at least one of the two loans at issue. (*See* ECF No. 303 at ECF 13-14 (discussing questions presented by new documents)). It is reasonable to hear whether the documents should be excluded or further discovery granted. But the hearing on the documents is not until November 19, 2020, after the November 9, 2020, dispositive motions deadline. That would require the moving parties to prepare their dispositive motions without knowing the status of documents that Rocktop and Wilmington apparently believe are crucial to their claims and defenses.

The motion is the successor to Anthem, SFR, and the United States' first motion to extend the deadlines, which they filed before the dispositive motions deadline was fixed. (The deadline depended on the date of the Capital One deposition, and that date had not been set because the intended witness had left the company.) The first motion was filed by the August 28, 2020, deadline the Court had given the parties to reach a stipulation—it was Rocktop and Wilmington's refusal to stipulate that occasioned the request in the first place. The moving parties have had to coordinate their response for this new motion, and confer with Rocktop and Wilmington, who again oppose. They are filing this motion within one week of the date the Court set the hearing date on which this motion turns.

Because the parties are filing this motion before the dispositive motions deadline, the parties submit that the Local Rule's "excusable neglect" standard does not apply. But to the extent that standard applies, courts have reasoned that whether neglect is excusable depends on such factors as: (1) the danger of prejudice to opposing parties; (2) the length of the delay, and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *See, e.g.*, *Branch Banking & Trust Co.* v. *D.M.S.I., LLC*, 871 F.3d 751, 764-765 (9th Cir. 2017); *Bank of Am., N.A. v. Ann Losee Homeowners Ass'n*, 2017 U.S. Dist. LEXIS

6

165867, *6-9 (D. Nev. Oct. 5, 2017). The determination is ultimately an equitable matter, and should take into account all the relevant circumstances. *Bank of Am., N.A.*, 2017 U.S. Dist. LEXIS 165867 at *7.

 Here, the factors favor the movants. There can be little cognizable prejudice to any party. All parties that have appeared have consented except Rocktop and Wilmington—but they are the parties who produced the late-breaking documents. It is not appropriate for a party to wait until after discovery to create and produce documents that may fundamentally alter the claims and defenses in the litigation, and then hold all other parties hostage by refusing to consent to a stipulation to extend the schedule. The other parties ask for 31 days past the existing deadline, but that time frame is tied to the date the Court set for the discovery motion hearing, *i.e.*, the parties ask for three weeks past the discovery motion hearing date, depending on the outcome of the hearing. Given the many times the parties have agreed to extend the schedule, frequently to accommodate Rocktop and Wilmington and/or their predecessor, Rocktop and Wilmington would be hard pressed to show that this time a brief extension is uncalled for. The alternative, requiring dispositive motions while the discovery dispute is undecided, would cause significant problems and additional expense for all parties.

 During the meet and confer process, and in briefing on Anthem, SFR and the United States' first request, Rocktop and Wilmington asserted that they could not be held accountable for producing the documents out-of-time because they had not created the documents until after discovery closed. But here that is a difference without distinction. As the United States explained in the discovery motion and elsewhere, Rocktop and Wilmington were fully capable of creating the documents during the discovery period. Indeed, the documents purport to rescind earlier notices, notices that came into play in the summer of 2019, if not earlier, more than a year before Rocktop and Wilmington decided to create and produce the documents. (ECF No. 303 (discussing history in more detail)). Rocktop and Wilmington were on notice of the issues more

7

1  than a year ago, and could have created (and produced) the documents then.  (*Id*. at ECF pgs. 7-8
2  and 15-16).  The fact they waited until after the discovery deadline to do so should not insulate
3  them from a fair hearing on the United States' motion to exclude.  And it should not allow them
4  to disrupt dispositive motions briefing by leaving what may be important evidence in limbo.
5      //
6      //
7      //
8      //
9      //
10     //
11     //
12     //
13     //
14     //
15     //
16     //
17     //
18     //
19     //
20     //
21     //
22     //
23     //
24     //
25     //

WHEREFORE, the parties jointly seek the Court's authorization and approval to extend the dispositive motions deadline from November 9, 2020, to the date falling three weeks after the Court's hearing (or ruling, if the ruling is later) on the discovery motion filed at ECF No. 303, or such later date as the Court deems appropriate based on the outcome of the hearing. That hearing is currently set for November 19, 2020.

DATED this 19th day of October, 2020.

KIM GILBERT EBRON

By: /s/ *Diana Ebron*
    Diana S. Ebron
    Nevada Bar No. 10580
    Jacqueline Gilbert
    Nevada Bar No. 10593
    Karen L. Hanks
    Nevada Bar No. 9578
    7625 Dean Martin Drive, Ste. 110
    Las Vegas, Nevada 89139

*Attorneys for SFR Investments Pool 1, LLC*

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.

By: /s/ *Janeen Isaacson*
    J. William Ebert
    Nevada Bar No. 2697
    Janeen V. Isaacson
    Nevada Bar No. 6429
    9900 Covington Cross Dr., Ste. 120
    Las Vegas, Nevada 89144

*Attorneys for Anthem Country Club Community Association*

RICHARD E. ZUCKERMAN

Principal Deputy Assistant Attorney General

By: /s/ *E. Carmen Ramirez*
    E. Carmen Ramirez
    Trial Attorney, Tax Division
    U.S. Department of Justice
    P.O. Box 683
    Washington, DC 20044

*Attorneys for United States*

**IT IS SO ORDERED:**

_____
UNITED STATES DISTRICT JUDGE or
UNITED STATES MAGISTRATE JUDGE

9