**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| CAPITAL ONE, NATIONAL ASSOCIATION, a national banking association,<br><br>Plaintiff,<br><br>v.<br><br>SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company; and ANTHEM COUNTRY CLUB COMMUNITY, ASSOCIATION, a Nevada nonprofit corporation,<br><br>Defendants.<br><br>SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company,<br><br>Counter-Claimant/Cross-Claimant,<br><br>v.<br><br>CAPITAL ONE, NATIONAL ASSOCIATION, a national banking Association; LEON BENZER, an individual; UNITED STATES OF AMERICA,<br><br>Cross-Defendants,<br>Counter-Defendants. | Case No.: 2:17-cv-00604-RFB-BNW<br><br>**ORDER** |

**I.  INTRODUCTION**

Before the Court is the Unites States of America (the "United States") Motion for Default Judgment. ECF No 250. For the following reasons, the Court grants this motion.

1

## II. PROCEDURAL BACKGROUND

In 2:17-cv-00916, Plaintiff United States of America filed a complaint against Leon Benzer on March 31, 2017, and he was served on July 21, 2017. ECF No. 13. On November 7, 2017, this instant case was consolidated with 2:17-cv-00916. ECF No. 47. On November 6, 2017, in 2:17-cv-00916, United States of America filed a motion for entry of clerk's default judgment against Leon Benzer and it was entered on November 8, 2017. ECF Nos. 25, 27. In the consolidated case United States of America filed a motion for default judgment against Benzer. ECF No. 250.

## III. LEGAL STANDARD

The granting of a default judgment is a two-step process directed by Rule 55 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55; Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). The first step is an entry of clerk's default based on a showing, by affidavit or otherwise, that the party against whom the judgment is sought "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The second step is default judgment under Rule 55(b), a decision which lies within the discretion of the Court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors which a court, in its discretion, may consider in deciding whether to grant a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of the substantive claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute of material fact, (6) whether the default was due to excusable neglect, and (7) the Federal Rules' strong policy in favor of deciding cases on the merits. Eitel, 782 F.2d at 1471–72.

If an entry of default is made, the Court accepts all well-pleaded factual allegations in the complaint as true; however, conclusions of law and allegations of fact that are not well-pleaded will not be deemed admitted by the defaulted party. DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007). Additionally, the Court does not accept factual allegations relating to the amount of damages as true. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). Default establishes a party's liability, but not the amount of damages claimed in the pleading. Id.

### IV.  DISCUSSION

In considering the seven <u>Eitel</u> factors, the Court finds default judgment against Leon Benzer is warranted. The first and sixth factors favor granting default judgment because the Benzer failed to defend—or appear at all in this matter—since being served with the summons. Benzer's failure to appear for the past four years prejudices the United States by preventing it from determining injunctive relief against Benzer. Further, Benzer's failure to appear for a substantial period of time demonstrates the lack of excusable neglect. And while the seventh factor generally counsels against the granting of default judgment, Benzer's failure to appear prevents the Court from determining the claims on its merits.

The second and third factors also favor a grant of default judgment. The United States seeks an assessment against Benzer and federal tax liens against property held by Benzer. There are sufficient exhibits attached to this instant motion demonstrating that Benzer was on notice of his delinquent tax liabilities. The United States is entitled to the relief requested. Thus, the United States has demonstrated its claims are meritorious.

Finally, there is money at stake in this matter; however, this does not outweigh the previous factors. The United States seeks a $1.2 million judgment and although this is a substantial sum, the attached exhibits demonstrate that Benzer refused to pay what he owes for multiple years. Thus, the Court finds the <u>Eitel</u> factors favor the grant of default judgment against Leon Benzer.

The Court also finds that the relief sought by the United States as it relates only to Benzer is supported by the record in this case. The Court finds that it cannot order any relief that might prematurely impact the outstanding disputes in this litigation.

### V.  CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant the United States of America's Motion for Motion for Default Judgment (ECF No. 250) is **GRANTED**.

**IT IS FURTHER ORDERED** that

a.) judgment is entered in favor of the United States and against Leon Benzer, for his unpaid federal income tax liabilities for the 2001, 2002, 2003, 2004, 2005 and 2007 tax

3

years, in the amount of $898,184.98, as calculated through January 31, 2020, plus interest and other statutory additions that may continue to accrue, net further payments and credits, subject to proof; and

b.) judgment is entered in favor of the United States and against Leon Benzer, for unpaid trust fund recovery penalties under 26 U.S.C. § 6672, for the periods ending September 30 and December 31, 2003, and June 30, 2004, in the amount of $353,529.02, as calculated through January 31, 2020, plus interest and other statutory additions that may continue to accrue, net further payments and credits, subject to proof. The Clerk of Court shall enter judgment accordingly.

**DATED**: March 31, 2021.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**