| | |
|---|---|
| DAVID A. HUBBERT<br>Acting Assistant Attorney General<br><br>E. CARMEN RAMIREZ<br>TY HALASZ<br>Trial Attorneys, Tax Division<br>U.S. Department of Justice<br>P.O. Box 683<br>Washington, D.C. 20044<br>T: (202) 616-2885 (Ramirez)<br>T: (202) 307-6484 (Halasz)<br>F: (202) 307-0054<br>E.Carmen.Ramirez@usdoj.gov<br>Ty.Halasz@usdoj.gov<br>Western.Taxcivil@usedoj.gov<br><br>*Attorneys for the United States of America* | KIM GILBERT EBRON<br><br>DIANA S. EBRON Nev. Bar No. 10580<br>JACQUELINE GILBERT Nev. Bar No. 10593<br>KAREN L. HANKS Nev. Bar No. 9578<br>7625 Dean Martin Drive, Ste. 110<br>Las Vegas, Nevada 89139<br><br>*Attorneys for SFR Investments Pool 1, LLC*<br><br>LIPSON NEILSON, COLE, SELTZER & GARIN, P.C.<br><br>J. WILLIAM EBERT Nev. Bar No. 2697<br>JANEEN V. ISAACSON Nev. Bar No. 6429<br>9900 Covington Cross Dr., Ste. 120<br>Las Vegas, Nevada 89144<br><br>*Attorneys for Anthem Country Club Community Association* |

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| CAPITAL ONE, NATIONAL ASSOCIATION, a national banking association,<br><br>    Plaintiff,<br><br>v.<br><br>SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company; and ANTHEM COUNTRY CLUB COMMUNITY, ASSOCIATION, a Nevada nonprofit corporation,<br><br>    Defendants.<br><br>SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company,<br><br>    Counterclaimant/Crossclaimant,<br><br>v. | Case No. 2:17-cv-00604-RFB-BNW<br>*consolidated with*<br>Case No. 2:17-cv-00916-KJD-BNW<br><br>**JOINT PROPOSED AMENDMENTS TO SCHEDULING ORDER BY THE ANTHEM COUNTRY CLUB COMMUNITY ASSOCIATION, SFR INVESTMENTS POOL 1, LLC, AND THE UNITED STATES** |

| | |
|---|---|
| CAPITAL ONE, NATIONAL ASSOCIATION, a national banking Association; LEON BENZER, an individual; UNITED STATES OF AMERICA | )<br>)<br>)<br>)<br>) |
| Cross-Defendants, | ) |
| Counter-Defendants. | )<br>)<br>) |
| UNITED STATES OF AMERICA, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| LEON BENZER; SFR INVESTMENTS POOL 1, LLC; CAPITAL ONE, N.A.; ROCKTOP PARTNERS, LLC; WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF STANWICH MORTGAGE LOAN TRUST A; ANTHEM COUNTRY CLUB COMMUNITY ASSOCIATION; and REPUBLIC SILVER STATE DISPOSAL INC., | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |
| CAPITAL ONE, NATIONAL ASSOCIATION a national banking association, | )<br>)<br>) |
| Counter-Claimant/Cross-Claimant, | )<br>) |
| v. | )<br>) |
| UNITED STATES OF AMERICA; LEON BENZER, an individual; SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company; and ANTHEM COUNTRY CLUB ASSOCIATION, a Nevada corporation, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Counter-Defendant/Cross-Defendants. | )<br>) |

The Court granted the United States' motion to compel discovery and directed the parties to propose a revised schedule. (ECF No. 364). Anthem Country Club Community Association ("Anthem"), SFR Investments Pool 1, LLC ("SFR"), and the United States ask that the Court adjust the dates currently in effect (*see* ECF No. and ECF Nos. 339-1 (proposed schedule) and 341 (order approving schedule)) to reflect the new deadlines discussed below. Before filing this motion, the movants' counsel met and conferred by telephone with the counsel for Rocktop Partners LLC ("Rocktop") and Wilmington Savings Fund Society ("Wilmington"). The parties agree on most dates but were unable to agree to the scope of discovery going forward.

**MEMORANDUM**

The parties, including Rocktop and Wilmington, generally agreed on the timing proposed below, except for the discovery cutoff. At the core of the dispute is the fact that because Rocktop and Wilmington refused to produce any documents until the Court granted the United States' motion to compel, the movants have lost at least 51 days of the 95-day discovery period the Court previously granted. (Rocktop and Wilmington still have not produced the documents, though they say they will do so by April 20, 2021.) The movants believe they are entitled to a discovery period that approximates the initial 95-day period. Rocktop and Wilmington disagree.

As the Court is aware, discovery was re-opened because Rocktop and Wilmington created and produced new documents in July of 2020, months after discovery was intended to have closed. Although the Court declined to exclude the new documents, it reasoned it would be "manifestly unjust" to deny the other parties discovery concerning the issues the July 2020 production raised. (ECF No. 327 at 20)). The movants asked the Court for a 95-day discovery period, and the Court granted that request. (ECF No. 342 at 19).

However, the movants have not had the benefit of that 95-day period because Rocktop and Wilmington objected to the movants' discovery requests. The United States promptly issued requests for production, pursuant to Rule 34. This would have allowed the United States time to

1

1  review the production, and then ask tailored interrogatories and requests for admission pursuant
2  to Rules 33 and 36, as follow-up.  SFR initially waited to send its own requests.  Waiting until it
3  had the documents the United States had requested would have allowed SFR to avoid duplication
4  and to issue more targeted inquiries, if needed, based on what it learned from the production.
5  However, Rocktop and Wilmington objected to the government's requests on February 3, 2021,
6  so the United States promptly moved to compel production.  When it became clear the motion to
7  compel could not be decided right away, SFR issued a round of discovery to avoid any
8  suggestion of waiver.  Rocktop and Wilmington have objected to those requests as well; the
9  parties are currently conferring regarding that dispute.

10         The Court has now granted the United States' motion to compel (ECF No. 364), and
11 Rocktop and Wilmington say they will produce documents by April 20, 2021.  But that means
12 the movants lost 51 days, the time between February 3, 2021, the day Rocktop and Wilmington
13 should have produced the documents, and March 26, 2021, the day discovery was to have closed.
14 And that 51-day figure does not include the time that may be lost before Rocktop and
15 Wilmington respond to SFR's requests.  The discovery cutoff should therefore be extended at
16 least 51 days from the time that Rocktop and Wilmington comply with all of the outstanding
17 discovery requests, unless the Court ultimately sustains all of their objections to SFR's requests.
18 (If so, the 51 days should count from the date of such order.)

19         The movants did not set out to extend discovery past March 2021.  This situation exists
20 because Rocktop and Wilmington waited until after the close of discovery to create and produce
21 new materials, and then spent the next several months fighting reasonable discovery.  Under the
22 circumstances, a discovery cutoff date that reduces the 95-days the Court granted would penalize
23 the movants even as they prevail over the objections.  It is true that discovery may end up
24 requiring more than 51 days, depending on when Rocktop and Wilmington's dispute with SFR is
25 resolved.  But any such extension will be because of Rocktop and Wilmington's initial

2

objections. There was little point in issuing further written requests while the objection was pending. The movants had no initial production to follow-up on, and the futility of issuing requests before a ruling was demonstrated by Rocktop and Wilmington's across-the-board objections to the requests SFR ultimately issued. The objections halted the discovery process for everyone, and it is impractical to set different cutoffs for the different parties.

However, based on the meet and confer, it appears that Rocktop and Wilmington wish to shorten the 95-day period because on the theory that the movants are entitled to only one round of written discovery each. For example, because the United States issued one round of requests for production after the Court re-opened discovery, they say the United States cannot review the production and issue any follow up interrogatories or requests for admission.

Rocktop and Wilmington's counsel did not point to anything in the Court's prior orders or the discovery rules that set forth such a one-and-done policy. The Federal Rules generally allow 30 days for a party to respond to written discovery (with an additional three days for service by mail, though the parties have agreed to electronic service). *See, e.g.*, Fed. R. Civ. P. 34 (b)(2). The 95-day period would have been enough time to issue a round of discovery, and then issue a second round, or take depositions, or both, depending on what turned up in the first round. The Rules do not mandate any one strategy within the timeframe allowed.

Rocktop and Wilmington's counsel asserted that it was his practice to issue a single round of discovery, so there is no need for the other parties' counsel to do anything differently. But the other counsel are not obligated to follow his preferred legal strategies. He also suggested that no written discovery beyond the United States' three requests for production could be useful, because he could not think of any questions to ask. But Rocktop and Wilmington continue to hold all the cards—they still have not produced any documents related to the new requests. The movants should not waive their rights to issue further discovery while blind. Plus, forcing parties to issue all written discovery at once encourages a scorched-earth approach to discovery, seeking

anything and everything for fear of leaving something unanticipated out, which is inconsistent with the Rules' admonition that parties take care to make their requests "proportional to the needs of the case". Fed. R. Civ. P. 26(b)(1).

Next, Rocktop and Wilmington's counsel suggested that there was no need for a 95-day discovery period because the movants had already had the chance to ask whatever questions they needed, and could have done so "in 2017." That ship has sailed. The Court rejected very similar arguments already, most recently in granting the United States' motion to compel. (ECF No. 264). The movants cannot be faulted for not previously asking questions about, or prompted by, documents that they have never before seen.

Finally, Rocktop and Wilmington suggested that about 30 days would be enough time to review the production, and then notice and take a deposition. Even if the Court retracts the 95-day period it initially granted, or rules that the movants are limited to one round of written discovery each, 30 days is aggressive. Scheduling a deposition at a time that works for the deponent and four sets of lawyers is no easy feat, even excluding the time needed to obtain transcripts and even assuming only one deposition is needed.

Therefore, the movants propose the following dates:

| Event | Current Date | Proposed Deadline |
|---|---|---|
| Rocktop and Wilmington to produce privilege log | N/A | April 6, 2021[1] |
| Any objections to privilege log | N/A | 14 days from the production of the log, with the opposing party's response due 3 days later |
| Rocktop and Wilmington to produce non-privileged documents responsive to the motion to compel at ECF No. 352. | February 3, 2021 | April 20, 2021 |

---

[1] The discussion during the meet and confer was vague as to this date, but the minute order at ECF No. 364 states that the log should be produced within 7 days of March 30, 2021.

4

| Event | Current Date | Proposed Deadline |
|---|---|---|
| Any motions concerning SFR's current discovery requests | N/A | April 12, 2021, for any motion, with any response due by April 16, 2021 |
| Discovery cutoff | March 26, 2021 | June 10, 2021, if Rocktop and Wilmington produce all documents responsive to the United States and SFR's pending discovery requests by April 20, 2021.[2]<br><br>If either party requires discovery after the June 10, 2021, deadline, then they must file a motion or stipulation for the Court's consideration. |
| Dispositive motions | April 26, 2021 | July 12, 2021 (i.e., 30 days after the discovery cutoff). |
| Joint pretrial order | May 26, 2021, or 30 days from the date of the last decision on any dispositive motions | 30 days from the date of the last decision on any dispositive motions. |

Finally, the movants note that the United States' motion for leave to amend the operative answer (ECF No. 357) is also currently pending. The parties understand that this motion is under Judge Weksler's jurisdiction. At this time, the parties have not agreed to any specific changes to the schedule based on the when or how that motion is resolved.

WHEREFORE, the Court should enter the deadlines proposed above.

---

[2] This affords the parties approximately the same amount of follow-up time as they would have had if Rocktop and Wilmington had produced the documents on February 3.

5

Respectfully submitted April 2, 2021 [Signatures below]

## ORDER

On the basis of good cause IT IS ORDERED that ECF No. 367 is GRANTED in part and DENIED in part as modified in this order (see page 4, lines 21 to 24; page 5, lines 3 to 13). IT IS FURTHER ORDERED that ECF No. 368 is DENIED.

**IT IS SO ORDERED**

**DATED:** 12:55 pm, April 05, 2021

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

Submitted by:

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.

By: /s/
J. William Ebert
Nevada Bar No. 2697
Janeen V. Isaacson
Nevada Bar No. 6429
9900 Covington Cross Dr., Ste. 120
Las Vegas, Nevada 89144

*Attorneys for Anthem Country Club Community Association*

By: /s/ Ty Halasz

David A. Hubbert
Acting Assistant Attorney General

E. Carmen Ramirez
Ty Halasz
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, DC 20044

*Attorneys for United States*

KIM GILBERT EBRON

By: /s/
Diana S. Ebron
Nevada Bar No. 10580
Jacqueline Gilbert
Nevada Bar No. 10593
Karen L. Hanks
Nevada Bar No. 9578
7625 Dean Martin Drive, Ste. 110
Las Vegas, Nevada 89139

*Attorneys for SFR Investments Pool 1, LLC*