# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Capital One, National Association, et al., | Case No. 2:17-cv-00604-RFB-BNW |
| Plaintiffs, | **REPORT AND RECOMMENDATION** |
| v. | |
| SFR Investments Pool 1, LLC et al., | |
| Defendants. | |

Before the Court is the United States' motion to amend its operative answer. ECF No. 361. Rocktop Partners, LLC and Wilmington Savings Fund Society ("Mortgagees") oppose. ECF No. 373. The United States replied. ECF No. 376.

The parties are familiar with the underlying substantive and procedural issues concerning this litigation. As a result, the Court only sets forth the relevant arguments by the parties and its analysis relevant to the instant request.

**I.    PARTIES' ARGUMENTS**

The United States seeks to add one line to its answer in 2:17-cv-916-RFB-VCF asserting that Mortgagees' claims are barred by Nev. Rev. Stat. § 103.240.[1] The instant request appears to stem from the Mortgagees' position that the United States will not be able to raise this argument in its dispositive motion based on the United States' failure to raise the statute as an affirmative defense it in its answer.[2] As a result, and apparently as a precautionary measure, the United States seeks to amend and argues it can show good cause and excusable neglect under Fed. R. Civ. P. 16

---

[1] Case No. 2:17-cv-604-RFB-BNW and 2:17-cv-916-RFB-VCF were consolidated on November 7, 2017. *See* 2:17-cv-916-RFB-VCF, ECF No. 28.

[2] Irrespective of whether this Court grants the request to amend, the Unites States argues it can still present the argument at summary judgment because the arguments surrounding Nev. Rev. Stat. § 103.240 concern a statute of repose (as opposed to a statute of limitations) that need not be raised in the pleadings pursuant to Fed. R. Civ. P. 8(c). The United States also takes the position that even if Nev. Rev. Stat. § 103.240 concerned a statute of limitations, Ninth Circuit precedent still allows it to raise the issue on summary judgment. As the parties both argue, neither of these arguments are before this Court at this time.

and Local Rule 26-4 and also meet the factors set forth under Fed. R. Civ. P. 15. It explains the amendment will not require any deadline extensions and that it will result in no prejudice to the Mortgagees, as this is a topic that has been (1) raised by SFR Investments Pool 1, LLC as an affirmative defense and (2) discussed and briefed by both parties for quite some time.

Mortgagees argue that the United States cannot show good cause or excusable neglect to amend the pleadings. First, they note that the deadline to amend expired November 7, 2017, over three years ago. In addition, they argue that the United States should have been aware of the need to amend based on Nev. Rev. Stat. § 103.240 as early as August 2017—and that they had actual knowledge of the possible applicability of this statute no later than September 2019. That is because in August 2017 the United States had discovery in its possession concerning the Forbearance Agreement and the Notice of Default, ostensibly implicating this statute. And in any event, the statute was raised in various briefings between September 2019 and December 2020 and came up during the deposition of Capital One's 30(b)(6) witness in September 2020. Yet, the United States waited until March 8, 2021 to seek leave to amend.

## II.    ANALYSIS

A party may amend a pleading once "as a matter of course" within twenty-one days after serving it. *See* Fed. R. Civ. P. 15(a)(1)(A). After that, a party may amend its pleading only by leave of the court or with the adverse party's written consent. *See* Fed. R. Civ. P. 15(a)(2). Courts have discretion to grant leave and should freely do so "when justice so requires." *Id*. Notwithstanding the liberal application of Rule 15, courts may deny leave to amend if it will cause: (1) undue delay; (2) undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

However, "a request for leave to amend made after the entry of a Rule 16 Scheduling Order is governed primarily by Rule 16(b)," rather than Rule 15. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608–09 (9th Cir. 1992). Rule 16(b) and Local Rules 6–1 and 26–4 require a showing of "good cause" before modifying a scheduling order. *See Johnson*, 975 F.2d at 608–09; Fed. R. Civ. P. 16(b); LR 6–1; LR 26–4. Only if the movant establishes good cause to

1  modify the scheduling order under Rule 16 does the court consider whether amendment is proper
2  under Rule 15. *See Johnson*, 975 F.2d at 609.

3  "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party
4  seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good
5  cause' standard primarily considers the diligence of the party seeking the amendment." *Id*. (Good
6  cause to extend a discovery deadline exists "if it cannot reasonably be met despite the diligence of
7  the party seeking the extension"). A party's carelessness cannot support a finding of diligence. *Id*.
8  Although the court may consider prejudice to an opposing party, if the moving party was not
9  diligent in seeking to modify a scheduling order, "the inquiry should end." *Coleman v. Quaker
10 Oats Co.*, 232 F.3d 1271, 1294–95 (9th Cir. 2000) (citing *Johnson*, 975 F.2d at 609)).

11  In addition to showing good cause, the movant must also establish that his failure to act
12  was the result of excusable neglect. *See* LR 26–4(a) (a request to extend a scheduling order
13  deadline made less than twenty-one days before expiration of that deadline must be supported by
14  a showing of excusable neglect in addition to the good cause required by LR 6–1 and Rule 16).
15  Excusable neglect exists where a party's failure to comply with a deadline was negligent. *See
16  Lemoge v. United States*, 587 F.3d 1188, 1195 (9th Cir.2009). There are at least four factors in
17  determining whether neglect is excusable: (1) the danger of prejudice to the opposing party; (2)
18  the length of the delay and its potential impact on the proceedings; (3) the reason for the delay;
19  and (4) whether the movant acted in good faith. *See Bateman v. U.S. Postal Serv*., 231 F.3d 1220,
20  1223–24 (9th Cir. 2000). The determination of whether neglect is excusable is ultimately an
21  equitable one, taking account of all relevant circumstances surrounding the party's omission. See
22  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). This
23  equitable determination is left to the discretion of the district court. *See Pincay v. Andrews*, 389
24  F.3d 853, 860 (9th Cir. 2004).

25  The Court agrees with Mortgagees that the United States has not demonstrated good cause
26  under Fed. R. Civ. P. 16. As explained above, the analysis focuses on the United States'
27  diligence. As the United States acknowledges, this is an issue that has been briefed several times
28  over the span of the last two years. While the United States takes the position that there is no need

to amend and files this motion in reaction to the position adopted by Mortgagees, diligence required it to do so much sooner than it did. The Court agrees with the arguments presented by Mortgagees (and the cases it relies on) for its conclusion that the United States has not been diligent in moving to amend.

As a result, the Court need not consider any other remaining arguments.

### III.     CONCLUSION AND RECOMMENDATION

Accordingly, **IT IS THEREFORE RECOMMENDED** that ECF No. 361 be **DENIED**.

### IV.     NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: September 14, 2021

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE